CarutHers, J.,
delivered the opinion of the Court.
This was an action of trespass to his freehold, brought by Underwood against Warwick, in which he recovered a small amount of damages. The main contest ivas upon the title — ■ that being the principal issue in the case, and the object of the suit.
*239 The case is not fully presented to us, neither as to the facts proved nor the charge of the Court, hut it ivas only intended by the parties to state enough' in the bill of exceptions to raise two questions of law upon the charge of the Court.
The two parties owned adjoining’ tracts of land, and the question of difficulty in the case was, on which side of the dividing line between them the spring near said line, and where the trespass was committed by Warwick, was located. It was proved by the surveyor, and perhaps the fact is not controverted, if the line be run according to the trees called for as corners in Warwick’s title papers, and along the foot of the ridge as designated in the deeds, the spring would fall on Underwood’s side, and that would support the verdict. Warwick bought of Johnson, he of Long, and Long of Prichard. Warwick adduced proof tending to show that there was a marked line varying from the calls of his deed, but in reasonable conformity to them, which was shown to him when he bought, and to his vendor before him, to which they claimed, and by which the spring would be thrown on his side of the line. The Court was requested to charge, that if this state of facts was established to the satisfaction of the jury, they should find for the defendant. But the Court refused, and charged “ that if the defendant’s deed called for the foot of the ridge, he would be controlled by that, 'unless it was shown that Underwood and those he held under, had recognized that line ” so marked and claimed by Warwick and his vendors. There is no error in this. The calls in the deeds for natural objects would certainly have to prevail, although a different line had been marked and claimed, unless it had been acknowledged or acquiesced in by conterminous claimants, when there was no actual possession. • It is not a question of remarking, but the change of a line by the acts and understanding of one side, without the concurrence of the other.
This cannot be done.
The other question is in relation to the effect of a former trial and judgment between the same parties, with their position as parties reversed. In that suit, brought by Warwick *240 against Underwood for trespass, at or near the same place, it was determined that the spring was on his side of the line, upon an issue on the plea of liberum tenementum, and he recovered damages.
It is insisted that this judgment was conclusive upon the title, and operated as an estoppel upon Underwood, and must defeat his present action. Upon that point the Court charged, “ that if the spring in controversy in this case was described in the declaration in the former suit, the judgment in that cause would be conclusive that the title was in Warwick; but that if the spring was not in the boundary described in the declaration, that the judgment in that case would not be a bar to this.”
This instruction is as it was requested by Warwick’s counsel, except the words in italics. To that qualification, exceptions are taken by plaintiff in error. The title papers used in the former and present cases are the same, and so is the place of the trespass.
The Court was right in holding the former judgment conclusive upon the same parties as to the title that was put in issue and tried in that suit as well as this, and the place of the trespass the same. This is well settled in our own cases, and we need not go beyond them for authority. 1 Meigs’ Digest, sec. 907. By our cases, also, the vexed question upon which the decisions of other Courts and opinions of writers are variant and conflicting, as to the different effect to be given to this defence when not pleaded, but only offered in evidence under the general issue, is put to rest. Judgments are held to be equally conclusive of the fact or point directly adjudged when offered as evidence, if admissible, or if pleaded in bar as an estoppel. Same authorities.
But our cases also hold that where the former “judgment is general and uncertain, parol evidence is admissible to show the fact or issue tried and involved in the general judgment.” Same. Upon this rule the only difficulty arises in the case before us. There was parol proof in this case tending to show that, in the former suit, the question of fact as to the *241 location of the line by marks and acquiescence variant from the calls in the deeds, was tried and passed upon by the jury in favor of Warwick, upon an appropriate plea involving that issue, and, consequently, that fact is settled in the general Verdict and judgment. It is not material on this point whether the finding of the jury was right or not in the former suit. That cannot be questioned any more between the same parties or their privies. Right or wrong, the question was finally closed, unless a new trial had been obtained in the same suit. This rule is not alone for the benefit of the parties litigant, to put an end to strife and contention between them, and produce certainty as to individual rights, but it is also intended to give dignity and respect to judicial proceedings, and relieve society from the expense and annoyance of interminable litigation about the same matter.
The condition upon which the Circuit Judge gave finality to the former adjudication, defeated entirely the object of the rule. He said, “ if the spring was not in the boundary described in the declaration ” of Warwick in the former suit, then “ the judgment in that case would not be a bar to this.” That was plainly opening the whole question of boundary again, because the jury would have to determine, by a reexamination of the facts, whether the spring was within the lines claimed by Warwick in his declaration in 'the former suit, in order to decide whether that judgment was a bar or not. That was the precise fact before tried and closed, and should not have been again opened. The charge should have been, that if, by the former verdict and judgment, the line between the parties had been found so as to throw the spring on the side of Warwick, Underwood was estopped from controverting that fact in this suit. It was not material to that question whether their finding was governed by the calls of the deed, or upon evidence showing that in some legal mode the dividing line was varied from the calls, and located at a different place. The fact that the line w7as so found by the former jury, was enough to give effect to that finding as a bar, without regard to the kind of evidence upon which it was done, *242 or whether it was correctly done or not. But, by the charge, the jury were instructed to go back and ascertain if the previous jury had found the line described in the declaration in that case to include the spring; and if that did not, then, although the true line might have been found to vary from that described, and, as thus found, included the spring, it would not have the effect to close the question. This was all wrong.
There could not, perhaps, be a better case to illustrate the wisdom of the rule in question than the one before us. •
Warwick sued Underwood for a trespass, and the titles were put in issue, and decided in favor of the plaintiff, and damages given for the injury to his freehold. Then, and without delay, Underwood brings his action for a trespass upon the same land and place, and, by the verdict of a second jury, he turns the tables, and is allowed to recover damages-against Warwick, upon the ground that the same land is his, upon the same title papers. What would be thought of the law and the administration of justice if this kind of game could be successfully played in the Courts ?
It is said that Underwood was not bound to show the strength of his title and his proof in the other suit on the question of freehold, or that he may have acquired a better title since, and therefore should not be concluded. If that were so, all the evils intended to be avoided by the rule would continue to exist in an aggravated form. This would be trifling with the courts of justice, and cannot be tolerated. Every question raised by tile issues in a case, or in some cases, all which might have been legitimate, are considered as closed by the verdict, and that forever, as to the same parties.
The maxim that there must be an end to litigation, was dictated by wisdom, and is sanctified by age.
We do not say that a decision upon the title in trespass would be a bar or estoppel in ejectment; that question is not involved, and we leave it open for a case in which it may arise.
The judgment will be reversed for this error, and a new trial granted.